UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SANTIAGO TORANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: |
| | ) | |
| DDB CHICAGO, INC., a corporation and | ) | |
| CARS.COM a division of CLASSIFIED | ) | |
| VENTURES, LLC, a Delaware Limited Liability | ) | JURY DEMAND |
| Company, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

NOW COMES THE PLAINTIFF SANTIAGO TORANO and for a Complaint against DEFENDANTS DDB CHICAGO, INC. a corporation and CARS.COM a division of CLASSIFIED VENTURES, LLC a Delaware Limited Liability Company, for injunctive relief, damages and attorneys' fees under the copyright laws of the United States states as follows:

**SUBJECT MATTER JURISDICTION**

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. 101, et seq.

2. This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. Sections 1331 and 1338(a) and (b).

**VENUE**

3. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391(b)(2) and 1400(a).

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff, SANTIAGO TORANO is a producer and songwriter doing business at Scandal Music, Inc. in the City of Chicago, County of Cook, State of Illinois.

5. Plaintiff SANTIAGO TORANO has written many "Commercial Jingles" and compositions during his career, including a composition entitled "SHIRT".

6. Defendant DDB CHICAGO, INC. ("DDB") is a Delaware corporation doing business at 200 East Randolph Street, Chicago, Illinois. DDB is in the business of providing advertising strategies, concepts and material for its clients for use over several mediums such as television, radio and newsprint. DDB is responsible for creating and producing a television commercial for defendant using substantial portions of Plaintiff's copyrighted work. DDB does business in Illinois and has directed its infringing work to Illinois residents through national and local television broadcasts.

7. Defendant CARS.COM a division of CLASSIFIED VENTURES, LLC a Delaware Limited Liability Company authorized to do business in the State of Illinois with principal offices located at 175 W. Jackson Blvd., 8th floor, Chicago, Illinois 60604 is a business engaged in the promotion and sale of automobiles and does business in Illinois and has directed its infringing advertisement to Illinois residents through local and national television broadcasts.

## BACKGROUND AND FACTS

8. Plaintiff SANTIAGO TORANO is the owner of that copyrighted work entitled "SHIRT" and was granted U.S. Copyright Registration No. SRu001049222 consisting of sound recording, performance, production, music and lyrics. This work was granted U.S. Copyright Registration on December 2, 2011.

9. On or about October 6, 2011, Plaintiff SANTIAGO TORANO and Scandal Music, Inc. were requested by DDB to write and produce a commercial jingle for possible inclusion in a CARS.COM advertising campaign, which would include airing during the Superbowl game in February of 2012.

10. That Plaintiff did so and no agreement to purchase the work as a "work for hire' under the U.S. Copyright Act was ever entered into between any of the parties.

11. That on or about November 22, 2011, Plaintiff was advised by message on

Facebook from Mark Gross, Executive Creative Director at DDB that the music he had written would not be used in the campaign.

12. That since October of 2011 Defendants had access to and were in possession of Plaintiff's work.

13. On or about February 5, 2012, during the national broadcast airing of the Superbowl, PLAINTIFF became aware that Defendant CARS.COM had used substantial portions of Plaintiff's work in connection with marketing and advertising its products and subsequently appeared numerous times on local and national broadcast television and continues to do so.

14. Defendant continues to infringe on the copyright, and has never contacted Plaintiff to obtain a synchronization or other license to use, copy or perform the copyrighted work.

15. Plaintiff owns all right, title and interest in and to the United States Copyright Certificate of Registration for the work entitled "Shirt" and has standing to sue for enforcement of that copyright. A true and correct copyright registration certificate SRu001049222 is attached as Exhibit 1.

16. Plaintiffs have complied in all respects with the Copyright Act 17 U.S.C. Sections 101 et seq. and the copyright for the work has been registered in accordance with that Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiffs have secured the exclusive rights and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificate constitutes prima facie evidence of the validity of that copyright.

## COUNT I

## COPYRIGHT INFRINGEMENT BY DEFENDANT CARS.COM

Plaintiff realleges paragraphs 1-16 above and incorporates those allegations as its paragraphs 1-16 of this Count I.

17. CARS.COM directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. Sections 106 (1) and 106 (6).

18. CARS.COM has advertised and promoted its product using substantial portions of Plaintiff's copyrighted work. CARS.COM's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the original work or constituent elements thereof, and by authorizing the copying and performance of those works without permission or authorization from Plaintiff.

19. CARS.COM's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful. WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CARS.COM a division of CLASSIFIED VENTURES, LLC for copyright infringement, and enter a finding that such infringement is willful, further ordering that Defendant CARS.COM:

    a. be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. Section 502;

    b. pay Plaintiff its damages as provided in 17 U.S.C. Section 504, for all infringements;

    c. pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. Section 505; and

    d. provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT II
## COPYRIGHT INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges paragraphs 1-19 above and incorporates those allegations as its paragraphs 1-19 of this Count II.

20. Defendant DDB directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. Sections 106(1) and 106(6).

21. Upon information and belief, DDB created and produced the infringing work and knowingly planned the distribution method for publicly performing a work infringing on Plaintiff's copyrighted work. DDB's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the copyrighted original work, or the constituent elements thereof, and by authorizing the unlawful reproduction and public performance of those works without permission or authorization from Plaintiff.

22. DDB's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful. WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant DDB for copyright infringement, and enter a finding that such infringement is willful, further ordering that

Defendant DDB:

    a. be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. Section 502;

    b. pay Plaintiff its damages as provided in 17 U.S.C. Section 504, for all infringements;

    c. pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. Section 505; and

    d. provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT III
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT CARS.COM

Plaintiff realleges paragraphs 1-22 above and incorporates those allegations as its paragraphs 1-22 of this Count III against CARS.COM for contributory copyright infringement.

23. Defendant CARS.COM knew or should have known of the infringing activity by DDB.

24. Defendant CARS.COM aided, enabled, induced, caused and/or contributed to the infringing activity of DDB.

25. DDB's acts of copying, publicly performing and creating a derivative work is a direct infringement of Plaintiff's copyright in its original work.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CARS.COM for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant CARS.COM:

    a. be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. Section 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

    b. pay Plaintiff its damages as provided in 17 U.S.C. Section 504;

    c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. Section 505; and

d. provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT IV
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges paragraphs 1-25 above and incorporates those allegations as its paragraphs 1-25 of this Count IV against DDB for contributory copyright infringement.

26. Defendant DDB knew or should have known of the infringing activity by CARS.COM.

27. Defendant DDB aided, enabled, induced, caused and/or contributed to the infringing activity of CARS.COM.

28. CARS.COM's acts of copying, publicly performing and creating a derivative work are a direct infringement of Plaintiff's copyright in its original work.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant DDB for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant DDB:

a. be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. Section 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

b. pay Plaintiff its damages as provided in 17 U.S.C. Section 504;

c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. Section 505; and

d. provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT V
## VICARIOUS INFRINGEMENT BY CARS.COM

Plaintiff realleges paragraphs 1-28 above and incorporates those allegations as its paragraphs 1-28 of this Count V.

29. Defendants DDB and CARS.COM are jointly and severally liable for the direct infringement and contributory copyright infringement of plaintiff's copyright.

30. During all times relevant, Defendant CARS.COM had the right and ability to supervise the infringing activity of DDB and had a direct financial interest in the activities that gave rise to DDB's unauthorized copying and distribution of plaintiff's copyrighted work.

31. As a direct and proximate result, CARS.COM is vicariously liable for the infringing activities of DDB.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CARS.COM for vicarious copyright infringement, and enter a finding that such infringement was willful, further ordering that Defendant CARS.COM:

a. be permanently enjoined and restrained from infringing plaintiff's copyright;

b. pay Plaintiff its damages as provided in 17 U.S.C. Section 504;

c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. Section 505; and

d. provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

Plaintiff requests trial by jury.

Respectfully submitted,

/s/ Frank W. Pirruccello, Esq.
Attorney for Plaintiff SANTIAGO TORANO
Law Offices
FRANK W. PIRRUCCELLO, LLC
150 N. Michigan Avenue - Suite 800
Chicago, Illinois 60601
Telephone: (312) 427-3664
Atty. Reg. No.: 2213931